COLORADO CANAL COMPANY v. DENNIS & RUGELY.

Decided January 27, 1905.

**Lease—Description—Mistake—Pleading.**

 In an action against a lessor for failing to furnish water for irrigation of the leased land, according to contract, a petition was not subject to exception which alleged mistake in the description of the land given in the instrument, and gave a sufficient description thereof, alleging that the land so described was that intended to be leased and actually delivered to and planted by plaintiff.

Error from the District Court of Matagorda. Tried below before Hon. Wells Thompson.

*Gaines & Corbett* and *Holland & Holland,* for appellant.

*Linn & Austin,* for appellees.

GILL, ASSOCIATE JUSTICE.—Dennis & Rugely, a partnership, sued the appellant, an irrigation company, for damages for breach of contract to furnish water for the proper irrigation of lands planted by them in rice for that year.

The contract was attached to the petition as an exhibit and its execution by the company was not denied. The land leased to the partnership to be planted in rice was described in the contract in the following terms: "350 acres of land situated in a part of John Duncan survey and lot 2, block 3, I. & G. N. Ry. survey." Plaintiffs alleged that by mutual mistake the description was so written but that the land intended to be leased and covered by the contract and which was actually leased, delivered to them and planted in rice was "350 acres comprised of lots 2, 3 and 4, block 3, I. & G. N. Ry. survey and a portion of the H. Gosling survey adjoining, situate 3½ miles east from Bay City in Matagorda County, Texas, along, adjoining and contiguous to the canal and laterals of defendant company."

To this description the company interposed a special exception on the ground that it was insufficient to require them to answer or to apprise them of what lands the plaintiffs complained as against them. The court overruled the exception and the cause proceeded to trial and judgment for plaintiffs. The cause is here on appeal of the company which complains among other things of the action of the court in overruling the exception.

The record contains neither statement of facts nor bills of exception. We are of opinion the exception was properly overruled. The descrip-

tion in the petition was fuller than that in the contract of lease. As to the lots named it was certainly sufficient. To this description was added the allegation that the land concerning which the suit was brought was the land leased by the company to plaintiffs for that year, the land which was actually delivered to them by the company and of which they were then in possession and which they had actually planted in rice for the year named.

It is manifest that such description could easily have been applied to the ground and was ample to put defendant on notice of what it had to meet.

Without discussing the remaining assignments in detail we hold that those which require our consideration are without merit and the others can not be determined in the absence of a statement of facts. The judgment is affirmed.

*Affirmed.*